# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINDA KILLINGSWORTH, ) ) Plaintiff, ) ) v. ) ) HOUSEHOLD BANK (SB), N.A.; ) HOUSEHOLD CREDIT SERVICES, INC.; ) HOUSEHOLD CREDIT SERVICES (II), INC.; ) and HSBC NORTH AMERICA HOLDINGS, INC., ) ) Defendants. ) | No. 05 C 5729 Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Linda Killingsworth, filed a class action suit against Defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Presently before the Court is Defendants' Motion for Judgment on the Pleadings.

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion for summary judgment, except that the district court may only consider the contents of the pleadings. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993) (*Alexander*). Accordingly, judgment on the pleadings may not be granted unless no genuine issues of material fact remain to be resolved and unless the moving party is entitled to judgment as a matter of law. *Alexander*, 994 F.2d at 336.

## BACKGROUND

A reading of Killingsworth's Complaint supports the following summary of the alleged conduct of the parties.

Prior to August 20, 2004, Killingsworth received a solicitation for a credit card. The solicitation states that Killingsworth was "pre-selected." Killingsworth received the solicitation after Defendants pre-screened the credit information of Killingsworth that was held by a consumer reporting agency. The pre-screening was intended to identify persons who have poor credit or were recently discharged in bankruptcy for the purpose of targeting such individuals for subprime credit. Killingsworth had not authorized Defendants to access or use her consumer report nor had she initiated any transaction with Defendants.

Killingsworth alleges that the solicitation was not a "permissible purpose" to access her consumer report without her consent. Furthermore, while the solicitation constituted a "firm offer", it did not contain certain required disclosures in a "clear and conspicuous" manner.

The solicitation consisted of a two-sided, one-page, 8-1/2" X 14" offer to accept a "Pre-Selected Orchard Bank Silver MasterCard." Next to the signature line to accept the offer for a credit card and below the signature line for enrollment in an optional security/protection plan, on the face of the "acceptance certificate" appeared, in bold face, the statement: "Please see enclosed Solicitation Disclosures for important rate, fee, and other cost information." The back of the acceptance certificate also included, in smaller font than the rest of the printed materials, the statement: "See the enclosed Solicitation Disclosures and Privacy Statement insert for details." The solicitation included a 3-1/2" X 7" insert entitled "ORCHARD BANK MASTERCARD SOLICITATION DISCLOSURES." The second page of the insert included the following in bold face:

> Fair Credit Reporting Act Notice: You understand that information contained in your credit report obtained from a consumer reporting agency was used in connection with selecting you for this offer. You received this offer because you satisfied certain criteria for creditworthiness that the Bank previously established for this offer.

> The credit that the Bank has offered may not be extended to you if, after you respond to this offer, the Bank determines that you do not meet the criteria used to select you for this offer or any other applicable criteria bearing on creditworthiness. You have a right to prohibit information contained in your file with any consumer reporting agency from being used in connection with any credit transaction that is not initiated by you. You may exercise this right by calling . . . .

## ANALYSIS

The FCRA is designed, in part, to respect a consumer's privacy in the information maintained by consumer reporting agencies. *See* 15 U.S.C. § 1681(a)(4). To effectuate this purpose, Congress prohibited the release of consumer credit reports unless the release occurred for one of the permissible purposes set forth in Section 1681b(a). The permissible purposes set forth in Section 1681b(a) include transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3).

The FRCA also provides limited situations in which a consumer reporting agency may provide a consumer report even though the consumer did not initiate or authorize the release of the information. For example, when a credit or insurance provider extends a "firm offer of credit" to the consumer. *See* 15 U.S.C. § 1681b(c)(1)(B)(i). Section 1681n provides a private right of action for willful violations and Section 1681o provides a private right of action for negligent violations. *See* 15 U.S.C. §§ 1681n and 1681o.

A "firm offer of credit" is defined as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l). The "firm offer of credit" may be conditioned on three specific requirements: (1) the creditor may apply additional pre-selected criteria bearing on the consumer's creditworthiness;

3

(2) the firm offer may be conditioned on verification "that the consumer continues to meet the specific criteria used to select the consumer offer", and the offer may be conditioned on the consumer's pledging any collateral that was both established before the selection of the consumer for the offer and disclosed to the consumer in the offer. *See* 15 U.S.C. § 1681a(l)(1)-(3).

The FCRA further provides that any person using a consumer report to make a firm offer of credit "provide with each written solicitation made to the consumer regarding the transaction a clear and conspicuous statement" disclosing statutorily required information. 15 U.S.C. 1681m(d). The notice must inform the consumer that: (1) the recipient's consumer credit report was obtained and used in determining who should be sent the offer; (2) the consumer was selected because the consumer met certain criteria; (3) the offer may not be extended if the consumer does not continue to meet the criteria, bearing on the creditworthiness, or provide the required collateral; (4) the consumer has the right to opt out of future offers by prohibiting the unsolicited use of information in their consumer file; and (5) the consumer may exercise this right by calling a specified toll-free phone number or by contacting the credit agency at a given address. *See* 15 U.S.C. 1681m(d).

The FCRA does not define the term "clear and conspicuous," and the courts generally have referred to cases involving the Uniform Commercial Code and Truth in lending Act for guidance. *See Cole U.S. Capital, Inc.*, 389 F.3d 719, 726 (7th Cir. 2004) (*Cole*). Accordingly, a court must consider: (1) the location of the notice within the document; (2) the type size used within the notice, including a comparison to the rest of the document; and (3) whether the notice is set off in any way, such as spacing, font, style, all capital letters. *Cole*, 389 F.3d at 731. "In short, there must be something about the way that the notice is presented in the document such that the consumer's attention will be drawn to it." *Cole*, 389 F.3d at 731.

In 2003, Congress enacted the Fair and Accurate Credit Transactions Act ("FACTA"), which amended numerous FCRA provisions, including Section 1681. Pub. L. No. 108-159, 117 Stat. 1952 (2003). Pertinent to the instant case, FACTA added subsection (h) to Section 1681m of the FCRA. *See* FACTA, Pub. L. No. 108-159, § 311(a), 117 Stat. 1952, 1988-89 (2003). Paragraph (8) of the amended Section 1681m(h) states:

> Enforcement
> (A) No civil actions. Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
> (B) Administrative enforcement. This section shall be enforced exclusively under § 1681s by the Federal agencies and officials identified in that section.

15 U.S.C. § 1681m(h)(8). The revised enforcement provisions became effective on December 1, 2004. *See* 12 C.F.R. § 222.1(c)(3)(xiii); *Murray v. Household Bank, N.A.*, 386 F. Supp. 2d 993, 996 (N.D. Ill. 2005) (*Murray*).

Defendants argue that Killingsworth cannot claim that the alleged violation of Section 1681m, the notice requirement, nullified the firm offer of credit, creating a separate violation of 1681b. It is unclear in Killingsworth's Complaint whether Killingsworth attempts to bring such a claim, and Killingsworth does not address Defendants' argument in its response brief to Defendants' Motion for Judgment on the Pleadings. Assuming Killingsworth is making such an allegation, that allegation fails. The definition of a "firm offer of credit" does not include a requirement to give any disclosures. *See* 15 U.S.C. §§ 1681a(l) and 1681b(c)(1)B). The disclosures found in Section 1681m(d) are a separate and distinct requirement, implicated only when a firm offer of credit has been made. Accordingly, a violation of Section 1681m does not nullify a firm offer of

credit and does not create a separate violation of Section 1681b. *See Cole*, 389 F.3d 729 n. 11; *Murray*, 386 F. Supp. 2d at 996.

Defendants argue that Killingsworth's alleged Section 1681m violation fails because there is no private right of action for a violation of Section 1681m in light of FACTA. Killingsworth argues that the 2003 amendment only applies to Section 1681m(h) and not Section 1681m in its entirety; therefore, a private cause of action remains.

Killingsworth's arguments have been soundly rejected in this district, as well as in the central district of California. Courts that have considered whether Section 1681m(h) applies to Section 1681m in its entirety, including seven judges in this District in cases where the plaintiffs were also represented by the same counsel representing Killingsworth, have concluded that no private cause of action exists for a Section 1681m(d) disclosure violation in light of FACTA. *See Murray v. Cross Country Bank*, 399 F. Supp. 2d 843, 844 (N.D. Ill. 2005); *Murray*, 386 F. Supp. 2d at 996-99; *Hernandez v. Citifinancial Serv., Inc.*, No.05 C 2263, 2005 WL 3430858 (N.D. Ill. Dec. 9, 2005); *McCane v. America's Credit Jewelers, Inc.*, No. 05 C 5089, 2005 WL 3299371 (N.D. Ill. Dec. 1, 2005); *Pietras v. Curfin Oldsmobile, Inc.*, No. 05 C 4624, 2005 WL 2897386 (N.D. Ill. Nov. 1, 2005); *Perry v. First Nat'l Bank*, No. 05 C 1470, 2005 U.S. Dist. Lexis 23100, (N.D. Ill. Sept. 13, 2005); *Murray v. American Int'l Group*, No. 05 C 3881 (N.D. Ill. Dec. 23, 2005) (minute order); *Wanek v. C.M.A. Mortgage, Inc.*, No. 05 C 4775 (N.D. Ill. Dec. 12, 2005) (minute order); *see also, Phillips v. New Century Fin. Corp.*, No. SA CV 05-0692 Doc (C.D. Cal. Nov. 14, 2005) (minute order) (*Phillips*). After careful consideration of Killingsworth's arguments, the statute at issue, and the other recent district court opinions, the Court finds the reasoning in these recent district court opinions persuasive. The Court joins with those district courts and concludes that there

6

is no private right of action for violations of Section 1681m and that enforcement is left to government regulators.

Killingsworth also argues that even if FACTA removed a private right of action for violations of Section 1681m, it does not apply because the solicitation was received prior to November 4, 2004, prior to the effective date of Section 311 of FACTA (December 1, 2004), and cites *Landgraf v. USI Film Prod.*, 511 U.S. 244 (1994) (*Landgraf*), in support of this contention.

Retroactively applying a new law to conduct completed before its enactment may violate due process if it "impair[s] rights a party possessed when he acted, increase[s] a party's liability for past conduct, or impose[s] new duties with respect to transactions already imposed." *Landgraf*, 511 U.S. at 280. Whether a provision may be applied retroactively to pending cases is determined in a two-step process. First, it must be determined "whether Congress has expressly prescribed the statute's proper reach." *Landgraf*, 511 U.S. at 285. If Congress has clearly indicated that the provision be applied either prospectively or retroactively, the court must apply the provision as Congress directed. *Landgraf*, 511 U.S. at 280. If the court is unable to determine Congress's intent, the court must resort to judicial default rules to determine whether the statute can be applied retroactively. Specifically, the court must determine whether the statute would have a "retroactive result" if it were applied to conduct which occurred prior to its enactment (whether it would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.") *Landgraf*, 511 U.S. at 280. If the statute would have this "retroactive result," the court applies the judicial presumption against applying the provision retroactively. *See Landgraf*, 511 U.S. at 286. That would be the effect of *Landgraf* here, if that case were controlling.

7

However, because Killingsworth filed this suit after the December 1, 2004 effective date of Section 311(a), the Court need not determine whether or not the statutory provision should be applied retroactively. That is because *Landgraf* addressed the application of *newly enacted rules to pending cases*. See *Lara-Ruiz v. Immigration & Naturalization Serv.*, 241 F.3d 934, 944-45 (7th Cir. 2001) (*Lara-Ruiz*) (applying amended statute to removal proceeding brought after the effective date of the removal statute did not constitute applying the statute "retroactively"). Therefore, the Court must apply the law at the time that Killingsworth brought suit; accordingly, Killingsworth does not have a private right of action for a Section 1681m(d) disclosure violation. *See Lara-Ruiz*, 241 F.3d at 945; *see also Phillips*, No. SA CV 05-0692 Doc (C.D. Cal. Nov. 14, 2005) (minute order) (application of Section 311(a) would not have retroactive effect to case alleging receipt of solicitation prior to effective date of Section 311(a) that was filed after the effective date of Section 311(a)).

Defendants also argue that Killingsworth's suit should be dismissed because: (1) the disclosures were provided in a clear and conspicuous manner, (2) Killingsworth failed to plead a willful violation of the FCRA, (3) Killingsworth cannot prevail on a FCRA claim absent damages, and (4) Killingsworth has failed to plead a claim against HSBC North America. In light of the Court's above ruling, the Court need not address these additional arguments.

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is granted.

Dated: January 31, 2006

JOHN W. DARRAH
United States District Court Judge